# FEDERAL LAWSUIT UNDER 42 U.S.C.A. § 1983

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

Eric O. Carter )
)
   Prison ID # 00571490 )
)
          Plaintiff(s) )
)
)
)
Vs. ) CIVIL ACTION NO. 3:23-cv-1073
) [To be assigned by the Clerk's Office.
) Do not write in this Blank.]
Glenn Funk_____, )
)
Howard Gentry_____, )
)
Frank Strada_____, )
)
Daron Hall_____, )
          Defendant(s) )
)
)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
## UNDER 42 U.S.C.A. § 1983

I.   PREVIOUS LAWSUITS

    A. Have you filed any other lawsuits in the United States District Court for the Middle District of Tennessee and/or any other state or federal court?

       Yes. _____        No ____X____

    B. If you answered YES to Question A, list the following information:
       (If you have filed more than one lawsuit, list the additional lawsuits on another sheet of paper, using the same outline as below.)

       1. Parties to previous lawsuit: N/A

          Plaintiffs: _____

Page **1** of **17**

Case 3:23-cv-01073   Document 1   Filed 10/16/23   Page 1 of 13 PageID #: 1

Defendants: _____

_____

2. In what Court did you file the previous lawsuit?

_____
(If Federal Court, name the District; if State Court, name the county.)

3. Case Number of the previous lawsuit: _____

4. Name of the Judge to whom the case was assigned:

_____

5. When did you file the previous lawsuit? _____
(Indicate the year if you do not know the exact month or day.)

6. What was the disposition or result of the previous lawsuit? (For example, was it dismissed, appealed, or still pending?)

_____

_____

7. When was the previous lawsuit decided by the Court? _____
(Indicate the year if you do not know the exact month or day.)

8. Did the previous lawsuit involve the same facts or circumstances that you are alleging in the lawsuit you are now submitting?

Yes _____  No _____

**(If you have filed more than one prior lawsuit, list the additional lawsuit(s) on a separate sheet of paper, and provide the same information for the additional lawsuit(s).)**

II. PLACE OF PLAINTIFF(S) CURRENT CONFINEMENT: **(The following information must be provided by inmate plaintiff.)**

A. Name and address of the prison or jail in which you are currently incarcerated:

<u>DeBerry Special Needs Facility 7575 Cockrill Bend Blvd Nashville, Tennessee 37209</u>

_____

B. Are the facts of your lawsuit related to your present confinement

Yes ___X___   No _____

C. If you answered NO to Question B, list the name and address of the jail or prison to which the facts of your lawsuit relate:

_____

_____

_____

D. Do the facts of your lawsuit relate to your confinement in a Tennessee State prison?

Yes ___X___   No _____

If you checked "No", proceed to question II H.

E. If you answered YES to Question D, did you present these facts to the prison authorities through the state prisoner grievance procedure?

Yes _____   No ___X___

F. If you answered YES to Question E above:

1. What steps did you take:
_N/A_____

_____

2. What was the result: _____

_____

G. If you answered "No" to Question E above, explain why not:

<u>This suit claims to my trial as a malicious prosecution.</u>

H. Do the facts of your lawsuit pertain to your confinement in a detention facility operated by city or county law enforcement agencies (jail, workhouse, etc.)?

Yes _____   No ___X___

I. If you checked "Yes" in H above, have you presented these facts to the authorities who operate the detention facility?

Yes _____    No X_____

J. If you checked "Yes" in I above:

1. What steps did you take? N/A_____

_____

2. What was the response of the authorities who run the facility?

_____

_____

K. If you checked "No" in I above, explain why not. Plaintiff claims malicious prosecution

_____

_____

**(Attach copies of all grievance related materials including, at a minimum, a copy of the grievance you filed on each issue raised in this complaint, the prison's or jail's response to that grievance, and the result of any appeal you took from an initial denial of your grievance.)**

III. PARTIES TO THIS LAWSUIT

A. Plaintiff bringing this lawsuit:

1. Name of Plaintiff: _____Eric O. Carter_____

Prison ID Number of Plaintiff: _____571490_____

Address of Plaintiff: DeBerry Special Needs Facility 7575 Cockrill Bend Blvd Nashville, Tennessee 37209

B. Defendants Against Whom You Are Filing This Lawsuit:

1. Name of First Defendant: _____Glenn Funk R; 011492_____

Place of Employment of First Defendant: District Attorney Office.___

Page 4 of 17

Case 3:23-cv-01073    Document 1    Filed 10/16/23    Page 4 of 13 PageID #: 4

Address of First Defendant 20th Jud. Dist. 222 2nd Ave N Ste 500 Washington Sq. Nashville, TN 37201-1649

2. Name of Second Defendant: ___Howard Gentry___

   Place of Employment of Second Defendant: Davidson County Criminal Court Clerk Office.

   Address of Second Defendant: Criminal Court Clerk Justice AA Birch Building, 408 2nd Ave N. Ste 2120 Nashville, TN 37201

3. Name of Third Defendant: Frank Strada

   Place of Employment of Third Defendant: Tennessee Department of Correction

   Address of Third Defendant: Rachel Jackson bldg. 6th Fl. 320 6th Ave N,

   Nashville, TN 37243-0465

   Named in official capacity?          __X__ YES     _____ NO

   Named in individual capacity?        __X__ YES     _____ NO

IF YOU ARE BRINGING THIS LAWSUIT AGAINST MORE THAN THREE DEFENDANTS, YOU MUST LIST EACH DEFENDANT'S NAME, PLACE OF EMPLOYMENT, ADDRESS, AND THE CAPACITY ON WHICH YOU ARE SUING THEM, ON AN ATTACHED SHEET OF PAPER.

IF YOU DO NOT LIST EACH DEFENDANT'S NAME, ANY SUCH DEFENDANT WILL NOT BE INCLUDED IN YOU LAWSUIT; IF YOU DO NOT LIST EACH DEFENDANT'S NAME, PLACE OF EMPLOYMENT AND ADDRESS, THE CLERK WILL NOT BE ABLE TO SERVE ANY SUCH DEFENDANT SHOULD PROCESS ISSUE.

IV. STATEMENT OF YOUR CLAIM

State as briefly as possible the facts of your case. Recite the dates when any incidents or events occurred, and the places where such incidents or events took place. Describe how each defendant is involved. Also include the names of other persons involved and the dates and places of their involvement. If you set forth more than one claim, number each claim separately and set forth each claim in a separate paragraph:

III.  PARTIES TO THIS LAWSUIT

A. Plaintiff bringing this lawsuit:

   1. Name of Plaintiff: _____Eric O. Carter_____

      Prison ID Number of Plaintiff: _____571490_____

      Address of Plaintiff: DeBerry Special Needs Facility 7575 Cockrill Bend Blvd Nashville, Tennessee 37209

B. Defendants Against Whom You Are Filing This Lawsuit:

4. Name of Fourth Defendant: Daron Hall_____

   Place of Employment of Fourth Defendant: Davidson County Sheriff Department

   Address of Fourth Defendant: 1 Jerry Newsom Wy, PO Box 196383, Nashville, TN 37219

   Named in official capacity?      __X__ YES     _____ NO

   Named in individual capacity?    __X__ YES     _____ NO

(1) The 20th Judicial District Court in Nashville (city), Davidson (county), Tennessee (state).

On October 3, 2016 Plaintiff was tried for count one first degree murder, count two felony first degree murder and, count three attempted first degree murder under case #2016-B-826. Plaintiff states that the verdict was returned October 7, 2016 guilty for count one and three.

> The court (**Judge Monte Watkins**) on this same day refused to pronounce judgment accepting the verdict. The court (**Monte Watkins**) then and there never ordered (**Defendant Daron Hall**) the Sheriff's department to take the plaintiff into custody. The arbitrary action by the sheriff, on October 7, 2016, of taking plaintiff into custody violated his civil rights. A verdict has no finality until judgment thereon has been entered upon minutes of the court. Therefore, **Glenn Funk**, District Attorney General, acted under the color of law, in furtherance of his prosecution, with a malicious intent, when he prepared the judgment form sentencing plaintiff without rendering him guilty was malicious prosecution. However, judgment was unlawfully entered five years later, after the plaintiff was granted parole for count three by (**Howard Gentry**) placing the judgment into plaintiff's criminal file. Despite the court failing to conduct a sentencing hearing and accepting the verdict, plaintiff was transported, by the defendant **Daron Hall**, to the Tennessee Department Of Correction, committing petitioner therein without being guilty. See attached minutes and judgment.

(2) Plaintiff's verdict and sentencing was never entered on record, On October 7th 2016 the court refuse to accept the verdict by pronouncing judgment, at this time trial terminated. However, plaintiff next court date was for January 20, 2017. After this date of January 20, 2017, this case was continued until April 12, 2017. ***Glenn Funk, 20th Judicial District Attorney General,*** continued to prosecute despite jury been dismissed prior to court pronouncing judgement this constituted malicious prosecution. This violated plaintiff's United States Constitutional rights under the 14th, 6th, 8th amendments. The minutes of the court will outline termination of prosecution. See judgment and minutes herein

A record is substantially a written history of the proceedings from the beginning to the end of the case, but nothing which is not properly matter of record can be made such by inserting it therein. **U.S. v. Taylor, 13 S. Ct. 479**

(3) Defendant Daron Hall Davidson County Sheriff, acted under color of law when he acted in concert with defendants in violation of plaintiff United States Constitutional rights of 14th, 8th, and 6th amendments, by taking plaintiff into custody and transporting him to the third defendant Frank Strata Commissioner Of Tennessee Department Of Correction.

(4) Defendant Frank Strata Commissioner Of Tennessee Department Of Correction acted under color law by receiving plaintiff into custody without the required judgment document, A certified copy of the sentence shall be delivered with each convict to the warden of the

penitentiary, and registered in a book kept by him for that purpose. T.C.A 41-21-104

(5) After the passing of some (5) five years, Davidson County Criminal Court Clerk, **Howard Gentry**, did by inserting the judgment document into plaintiff's criminal file committed the plaintiff to the Tennessee Department Of Correction without the court ordering was a violation of the plaintiff's civil rights. Howard Gentry acted under the color of law by conspiring with the first defendant Glenn Funk in furtherance of prosecution after termination of trial, 14th, 8th, 6th amendments violated . The minutes of the court will outline termination of prosecution. The clerk suppose to have stamped file the document to assure the proper filing. **Tenn. R. Crim. P. 49(c)(2);**

(6) **Howard Gentry** has no authority to enter an order on the minutes of a previous term during a succeeding term to correct errors or omissions in the minutes of his court. The failure to enter an order at a previous term of court may be correct only by an order of the court.

(7) Judge Monte Watkins on the minutes of such succeeding term, which is a judicial function to be exercised exclusively by the judge and not the clerk defendant **Howard gentry**.

*(8)* Plaintiff is also concern that **Howard Gentry** failed or concealed the fact that the judgment wasn't filed at the proper term and attempted to mislead the judicial system of the fact of failure. The clerk supposed to have stamped file the document to assure the proper filing. It is customary that the **Frank Strada** Tennessee Department Of Correction send back to the Clerk for complete judgments. , if the judgment of conviction does not include the above information, it

shall be returned to the sentencing court to be complete. *T.C.A. § 40-35-209 (g).*

(9) Plaintiff was informed by Tennessee Department Of Correction that the alleged judgment in question was filed with the Tennessee Department Of Correction on October 29, 2021, three (3) days before plaintiff was to be released on parole.

(10) I swear that on October 7th, 2016, all defendants acted under the color of law of a malicious prosecution when verdict was read concerning count one first degree murder and count three attempted first degree murder, however, the court fail to pronounce judgment accepting the verdict. Still sentencing was scheduled for November 18, 2016, however, this hearing never happen. Five (5) years later judgment appeared without endorsement from the clerk of entry. Plaintiff has provided the minutes of the court to prove his claims.

**IF YOU NEED ADDITIONAL SPACE, ATTACH SEPARATE SHEET(S) OF PAPER**

V. RELIEF REQUESTED: List what you want the Court to do; list what relief you seek against each defendant:

A. Plaintiff request the clerk, Howard Gentry, to expunge from his files and any other files he may have sent the judgment of an unlawful imprisonment. In furtherance, award the plaintiff

damages, punitive and monetary compensation in the amount of $ 62.5 million dollars.

B. Plaintiff request the court to award plaintiff damages, punitive and monetary compensation in the amount of $ 62.5 million dollars for malicious prosecution against Glenn Funk, district attorney general for metro Davidson County, Tennessee.

C. Plaintiff request the commissioner of Tennessee Department Of Correction, Frank Strada, to expunge from plaintiff Tennessee Department Of Correction files all judgments concerning case#2016-B-826, and the court to award damages, punitive and, monetary compensation in the amount of 62.5 million dollars.

D. Plaintiff ask to be awarded $ 62.5 million dollars for damages, punitive and, monetary compensation concerning Daron Hall, Sheriff of Davidson County, Tennessee, for placing plaintiff into custody without the court ordering him to take plaintiff into custody.

**Plaintiff request a Jury Trail:** Yes. **X**_____    No. _____

I hereby certify under penalty of perjury that the above complaint is true to the best of my information, knowledge and belief.

Signed this 13th day of October, 20 23.

Signature: *Eric O. C[arter]* (signature)

Printed Name: Eric O. Carter

Prison ID Number: 571490

Address: **DeBerry Special Needs Facility 7575 Cockrill Bend Blvd Nashville, Tennessee 37209**

**PLAINTIFF MUST SIGN THE COMPLAINT.**

**PLAINTIFF MUST COMPLETE, SIGN, AND DATE SEPARATE APPLICATIONS TO PROCEED *IN FORMA PAUPERS*.** If not paying the civil filing fee.

**SUBMIT THE COMPLAINT, THE REQUIRED FILING FEE (OR THE APPLICATION TO PROCEED *IN FORMA PAUPERS*) TOGETHER.** Complaint received without the required filing fee or application to proceed *in forma pauperis* will be returned.

**Plaintiff(s) would request for a SUMMONS packet, U.S. Marshal Form 285, and any other necessary documents to be issued to he/they once the case is opened. Plaintiff(s) will return these forms in order to be signed and sealed so they may be attached to the complaint and then issued to the Defendants named upon the summons and listed within this complaint.**

# DECLARATION OF MAILING

I, _Eric O. Carter_, declare under penalty of perjury that the foregoing 42 U.S.C.A. § 1983 complaint for civil rights violation, along with the correct amount of copies for each defendant named in the complaint, has been sent/given to the Institutional Mailroom where I am currently housed at with sufficient Postage to reach the below described designation.

Court Name/Address: Clerk of the U.S. District Court, Middle District of Tennessee, 800 U.S Courthouse, Nashville, Tennessee 37203.

On this the _13th_, day of _October_, 20_23_.

_____
(Signature) _Eric O. C[arter]_

_____
(Printed Name) _Eric O. Carter_

_____
DSNF 7575 Cockrill Bend Blvd Nashville, TN 37209

_____
(Institutional Name and Address)

Case 3:23-cv-01073    Document 1    Filed 10/16/23    Page 13 of 13 PageID #: 13