# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **ERIC O. CARTER** | ) | |
| **# 5711490,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 3:23-cv-01073** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **GLENN FUNK,** *et. al*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

Acting pro se, Eric O. Carter, an inmate of the Lois M. DeBerry Special Needs Facility in Nashville, Tennessee has filed a pro se complaint under 42 U.S.C. § 1983 against Glenn Funk, Howard Gentry, Frank Strada, and Daron Hall, alleging violations of Plaintiff's civil and constitutional rights. (Doc. No. 1). Plaintiff also has filed a Motion to Appoint Counsel (Doc. No. 2) and Motion to Amend/Correct (Doc. No. 5).

## I. MOTION TO AMEND COMPLAINT

Approximately two weeks after filing his complaint, Plaintiff filed a Motion to Amend/Correct his complaint. Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a party to amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Here, the complaint has not yet been served on any Defendant. Thus, the Amended Complaint is appropriately considered.

1

## II. SCREENING OF THE AMENDED COMPLAINT

The Court must conduct an initial review of the complaint as amended pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### A. PLRA SCREENING STANDARD

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). Id. § 1915A(b).

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### B. SECTION 1983 STANDARD

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . .

. ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009) (quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. FACTS ALLEGED BY PLAINTIFF

On October 7, 2016, a state-court jury found Plaintiff guilty of first-degree premeditated murder and attempted first-degree murder. The jury was unable to reach a verdict on the charge of first-degree felony murder, and a mistrial was declared on that charge.

The Amended Complaint alleges that "the court never accepted the verdict as to pronouncement of the judgment", "the states [sic] severance of count two can only be done prior to trial", [t]he court never declared a mistrial as to this count", and "the court never sentence[d] plaintiff." (Doc. No. 5, Ex. 1 at 1). According to Plaintiff, "[a] judgment appear[ed] from out of nowhere, without any endorsement by the clerk" five years later, two days before Plaintiff was scheduled to be released from prison. (Id. at 1-2). Plaintiff believes that Defendants "acted under the color of law by their continuance of prosecution after the court refused to accept the verdict by the pronouncement of Judgment concerning any count of the verdict . . . ." (Id. at 2).

D. ANALYSIS

The Amended Complaint alleges claims of malicious prosecution against the named Defendants pursuant to Section 1983. (Id. at 1) ("Plaintiff herein alleges malicious prosecution and that prosecution terminated on October 7, 2016, after the reading of the verdict."). Under federal law, a plaintiff must prove four elements to establish a malicious prosecution claim: (1) a criminal prosecution was initiated against the plaintiff, and the defendant made, influenced, or participated in the prosecution decision; (2) there was no probable cause to support the charges; (3) as a result

3

of the legal proceedings, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceedings ended without a conviction. Thompson v. Clark, 596 U.S. 36 (2022); Miller v. Maddox, 866 F.3d 386, 389 (6th Cir. 2017); Sykes v. Anderson, 625 F.3d 294, 308-09 (6th Cir. 2010).

Here, Plaintiff fails to state a colorable malicious prosecution claim under the Fourth Amendment because he does not allege that the criminal proceedings arising from his 2014 arrest, search, and seizure ended without a conviction. Instead, Plaintiff appears to argue that there was no "termination" of his case for various reasons, including "the court never accepted the verdict as to pronouncement of the judgment", "the states [sic] severance of count two can only be done prior to trial", [t]he court never declared a mistrial as to this count", and "the court never sentence[d] plaintiff." (Doc. No. 5, Ex. 1 at 1).

The Court takes judicial notice of the August 22, 2018 decision of the Tennessee Court of Criminal Appeals in State v. Carter, No. M2017-01466-CCA-R3-CD, 2018 WL 4026757 (Tenn. Crim. App. Aug. 22, 2018). Therein, the appellate court considered Plaintiff's appeal as of right from his 2014 conviction and sentence for first-degree premeditated murder and attempted first-degree murder and ultimately affirmed the judgments of the trial court. Id. at *1. Given that Plaintiff pursued a direct appeal of his conviction and sentence, it appears Plaintiff understood that, while the jury was unable to reach a verdict on the first-degree felony murder charge, the criminal proceedings against Plaintiff nevertheless ended with a conviction on two counts and a sentence of life imprisonment. Plaintiff's malicious prosecution claims fail to state claims under Section 1983 upon which relief can be granted, and those claims will be dismissed.

4

## III. CONCLUSION

Plaintiff's Motion to Amend/Correct (Doc. No. 5) will be granted.

Having conducted the screening required by the PRLA, the Court finds that the amended complaint fails to state Section 1983 malicious prosecution claims upon which relief can be granted against all named Defendants. This action, therefore, will be dismissed.

Plaintiff's motion seeking the appointment of counsel (Doc. No. 2) will be denied as moot.

An appropriate Order will be entered.

                                                                       

WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE